UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DW VOLBLEU, LLC, ET AL. | § | |
| | § | |
| v. | § | CIVIL NO. 4:21-CV-637-SDJ |
| | § | |
| HONDA AIRCRAFT COMPANY, | § | |
| INC., ET AL. | § | |

# **MEMORANDUM OPINION AND ORDER**

Plaintiffs DW Volbleu, LLC ("Volbleu") and Silverleaf V, LLC ("Silverleaf") are owners and operators of HondaJet aircraft manufactured, sold, and serviced by Defendant Honda Aircraft Company, LLC ("Honda"). HondaJets have certain maintenance requirements, including that their engines must be run for at least fifteen minutes every ninety days. Volbleu and Silverleaf allege that Honda failed to properly advise them of this required maintenance procedure, causing Volbleu and Silverleaf to incur substantial costs for engine repairs.

In this putative class action, Volbleu and Silverleaf assert claims against Honda for fraudulent concealment of the maintenance requirement, violations of the North Carolina Consumer Protection Act, breach of express warranty, and breach of implied warranty. (Dkt. #23).[1] Honda contends that the lawsuit is baseless: Volbleu, Silverleaf, and all HondaJet owners received multiple notifications from Honda that the aircraft's engines should be run for at least fifteen minutes every ninety days, and

---

[1] Volbleu and Silverleaf initially filed this case against both Defendant Honda and Honda Aircraft Company, Inc. Honda has advised the Court and Plaintiffs that Honda Aircraft Company, Inc. has not existed since 2011. The Court therefore refers to a single defendant, Honda.

1

if this routine maintenance is not performed, the aircraft's engines should not be operated until a special maintenance procedure is performed on the engines.

Before the Court is Volbleu and Silverleaf's Motion for Order Requiring Limited Rule 23(d) Notice. (Dkt. #10). Invoking Federal Rule of Civil Procedure 23(d), Volbleu and Silverleaf ask the Court to require Honda to send a pre-certification notice to all potential class members, which Volbleu and Silverleaf have identified as the 200-plus current owners and operators of HondaJet aircraft, notifying them: of the maintenance requirement; that failure to run HondaJet engines for fifteen minutes every ninety days "requires a major service involving the removal of the engines, delivery to a designated [Honda maintenance] location, breakdown of the same and overhaul, at a cost of approximately $750,000 per engine pair"; and that such a failure results in the inability for a HondaJet "to be flown safely." (Dkt. #10 at 5). Honda opposes the Motion, maintaining that Rule 23(d) does not authorize the pre-certification notice requested by Volbleu and Silverleaf, the requested notice is unnecessary and would operate as an improper mandatory injunction, and Volbleu and Silverleaf's request is preempted by the Federal Aviation Act, 49 U.S.C. §§ 40101, *et seq*.

Having reviewed the motion, response, and the record, and having conducted a hearing to consider the motion, the Court concludes that the requested pre-certification notice is not authorized by Rule 23(d). Volbleu and Silverleaf's Rule 23(d) motion therefore must be denied.

# I.
# PRE-CERTIFICATION NOTICE IS RARELY AUTHORIZED UNDER RULE 23(d).

Rule 23(d) describes certain types of orders that district courts may enter "[i]n conducting [a class action] under this rule." FED. R. CIV. P. 23(d)(1). Volbleu and Silverleaf have invoked Rule 23(d)(1)(B), which authorizes a court to issue an order that "require[s]—to protect class members and fairly conduct the action—giving appropriate notice to some or all class members" of: "(i) any step in the action; (ii) the proposed extent of the judgment; or (iii) the members' opportunity to signify whether they consider the representation fair and adequate, to intervene and present claims or defenses, or to otherwise come into the action." FED. R. CIV. P. 23(d)(1)(B). Courts may also issue orders that "deal with similar procedural matters." FED. R. CIV. P. 23(d)(1)(E).

The enumerated circumstances in Rule 23(d)(1)(B) are thus a "non-exhaustive list of possible occasions" for requiring notice. FED. R. CIV. P. 23(d) advisory committee's note to 1966 amendment. Rule 23(d) "does not require notice at any stage, but rather calls attention to its availability and invokes the court's discretion." *Walsh v. Great Atl. & Pac. Tea Co.*, 726 F.2d 956, 962 (3d Cir. 1983) (quoting FED. R. CIV. P. 23(d) advisory committee's note to 1966 amendment); *see also Bing v. Roadway Exp., Inc.*, 485 F.2d 441, 448 (5th Cir. 1973) (noting that Rule 23(d) authorizes "discretionary notice").

Nothing in Rule 23(d)(1)(B), or for that matter more generally in Rule 23(d), references pre-certification notices to potential class members. In this regard, the

3

distinction between pre-certification and post-certification notices under Rule 23(d)(1)(B) is significant because there are no "class members" unless and until a class has been certified. *See Cruson v. Jackson Nat'l Life Ins. Co.*, 954 F.3d 240, 250 (5th Cir. 2020) (citing *Police & Fire Ret. Sys. of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95, 112 n.22 (2d Cir. 2013) for the proposition that "until certification there is no class action but merely the prospect of one"). Courts have accordingly been skeptical of whether and under what circumstances Rule 23(d) authorizes notices to potential class members when no class has been certified. *See, e.g., Cruz v. Am. Airlines, Inc.*, 356 F.3d 320, 331 (D.C. Cir. 2004) ("We doubt . . . that a district court has *any* discretion to order notice in the conduct of an action in which it has declined to certify any class whatsoever, for such an action may well not be one to which Rule 23 applies." (cleaned up)); *Van v. Ford Motor Co.*, No. 14-CV-8708, 2018 WL 6649603, at *5 (N.D. Ill. Dec. 19, 2018) ("[I]t is by no means clear that Rule 23(d) gives courts authority to issue notice to putative class members when no class has ever been certified.").

Consistent with courts' skepticism concerning the propriety of issuing notices to putative class members under Rule 23(d), such notices have typically, and rarely, been employed only as a curative measure restricting or modifying the manner in which communications are conducted between one or more of the litigants already before the court and the "potential" class members. *See Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101–02, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981) (recognizing that a court may, in appropriate circumstances, restrict communications between a party and

4

members of a class or a putative class). For example, in *Bonanno v. Quiznos Masters LLC*, the court concluded that the defendant had improperly contacted potential class members and therefore ordered corrective notice to prevent any interference in the action. No. 06-CV-02358-WYD-BNB, 2007 WL 1089779, at *3 (D. Colo. Apr. 10, 2007). Similarly, in *Ralph Oldsmobile, Inc. v. Gen. Motors Corp.*, the court ordered a curative notice to address improper pre-certification communications between the defendant and potential class members. No. 99 Civ. 4567, 2001 WL 1035132, at *7 (S.D.N.Y. Sept. 7, 2001).

    However, the issuance of a pre-certification notice to potential class members has rarely been authorized outside the context of such curative notices restricting communications between parties and potential class members, and courts have been particularly careful to avoid issuing any pre-certification notice that appears to solicit participation in the litigation. *See, e.g.*, *Farmers Co-op Co. v. United States*, 90 Fed. Cl. 72, 73 (Fed. Cl. 2009) (explaining that the court was not aware of "a single case wherein a federal court permissibly notified potential plaintiffs of an on-going case before class certification"); *see also* 7AA CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1788 (3d ed.1999) ("[N]otice should not be sent out prior to class certification since, as noted by one court, '(o)therwise, by notice and joinder of unnamed members of a possible plaintiff class, a district court could circumvent Rule 23 by creating a mass of joined claims that resembles a class action but fails to satisfy the requirements of the rule.'" (quoting *Pan Am. World Airways, Inc. v. U.S. Dist. Ct. for Central Dist. of Ca.*, 523 F.2d 1073, 1079 (9th Cir. 1975))).

## II.
### THE PRE-CERTIFICATION NOTICE REQUESTED BY VOLBLEU AND SILVERLEAF IS NOT AUTHORIZED BY RULE 23(d).

Volbleu and Silverleaf's proposed pre-certification notice under Rule 23(d)(1)(B) tracks and endorses their position on an issue central to this case, namely whether any additional notice is required concerning HondaJet maintenance requirements, and, if so, what information should be conveyed to potential class members in such proposed notification. The notification issue is the crux of the dispute between the parties in this lawsuit. According to Volbleu and Silverleaf, Honda has failed to adequately advise HondaJet aircraft owners that the aircraft's engines must be run for fifteen minutes every ninety days and that the failure to do so "requires a major service involving the removal of the engines, delivery to a designated [Honda maintenance] location, breakdown of the same and overhaul, at a cost of approximately $750,000 per engine pair." (Dkt. #10 at 5). Volbleu and Silverleaf propose that the requested Rule 23(d) notice would provide this information and would further state that failing to meet this maintenance requirement results in the inability for a HondaJet "to be flown safely." (Dkt. #10 at 5).

Honda disputes Volbleu and Silverleaf's contentions, pointing to record evidence that the complained-of maintenance information on HondaJet aircraft has already been provided to HondaJet owners, including Volbleu and Silverleaf, in a Federal Aviation Administration-approved Aircraft Maintenance Manual and a Line Maintenance Manual, as well as through two service letters. Honda further disputes Volbleu and Silverleaf's position that any failure to meet the maintenance

requirements at issue will necessarily result in a HondaJet owner incurring repair costs "of approximately $750,000 per engine pair" and render the aircraft unsafe to be flown.

On its face, Volbleu and Silverleaf's proposed Rule 23(d)(1)(B) notice does not comport with any of the limited purposes for class-member notifications articulated and authorized in the rule. The proposed notice does not concern a "step in the [class] action," nor does it address "the proposed extent of [a] judgment" or the potential class members' "opportunity to signify whether they consider the representation [of the class] fair and adequate, to intervene and present claims or defenses, or to otherwise come into the action." *See* FED. R. CIV. P. 23(d)(1)(B). The proposed notice also does not address improper communications with potential class members by Honda or the protection of potential class members' legal interest in this case. *See, e.g.*, *O'Connor v. Uber Techs., Inc.*, No. C-13-3826 EMC, 2014 WL 1760314, at *4 (N.D. Cal. May 2, 2014) (ordering corrective notice pursuant to the court's authority to "regulate communications which jeopardize the fairness of the litigation even if those communications are made to future and potential putative class members"); *Shelton v. Pargo, Inc.*, 582 F.2d 1298, 1314 (4th Cir. 1978) (holding that in the context of a pre-certification settlement, the district court may determine that the "fair conduct of the action" requires notice to absent putative class members to protect their interests).

Instead, the proposed Rule 23(d)(1)(B) notice adopts Volbleu and Silverleaf's position on substantive, disputed issues in the case concerning the adequacy of

information previously provided by Honda concerning HondaJet aircraft maintenance. Nothing in Rule 23(d) authorizes such a pre-certification notice addressing issues to be decided on the merits, much less a notice that overtly endorses the litigation position of one of the parties before any class has been certified. Courts have consistently rejected similar requests for this type of notice designed to bring the claims of potential class members before the court prior to class certification. *See, e.g.*, *Pan Am. World Airways, Inc.*, 523 F.2d at 1079 ("[N]otice for the purpose of bringing the claims of unnamed members of the plaintiff class before the court may not issue before a class action has been certified."); *Adkins v. Apple Inc*, No. 14-CV-01619-WHO, 2014 WL 4618411, at *3 (N.D. Cal. Sept. 15, 2014) (denying a motion for pre-certification notice because "[n]o class has been certified" and "[t]here is therefore no Rule 23 action, nor any class members").

In support of their motion, Volbleu and Silverleaf primarily point to cases involving class-wide notifications *after* a class had already been certified. *See* (Dkt. #10 at 9–12 (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 346, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978) (involving notice to a class certified under Rule 23(b)(3)); *Barahona-Gomez v. Reno*, 167 F.3d 1228, 1238 (9th Cir. 1999), *supplemented*, 236 F.3d 1115 (9th Cir. 2001) (holding that a district court did not err in requiring notice to a certified class); *Doe v. Gen. Hosp. of D.C.*, 434 F.2d 427, 433 (D.C. Cir. 1970) (considering repeated violations of a preliminary injunctive order "designed to *protect the rights of the class* of indigent women seeking abortions during the pendency of [the] litigation" and directing the district court to consider

8

class notification under Rule 23(d) regarding the class members' rights under the injunction) (emphasis added))). None of these authorities is applicable here because no class has been certified and a class certification motion has not even been filed in this lawsuit.

Equally unhelpful to Volbleu and Silverleaf is *Maney v. Brown*, No. 6:20-CV-00570-SB, 2021 WL 3598532 (D. Or. Aug. 13, 2021), a case they relied upon during the hearing on their Rule 23(d) motion. In *Maney*, prisoner-plaintiffs sued the State of Oregon and several state officials on behalf of a "Wrongful Death" putative class made up of individuals who purportedly died from COVID-19 while in prison due to the state's alleged failure to adequately protect them from the virus. After filing a motion for class certification, plaintiffs moved pursuant to Rule 23(d) for an order approving notice to the putative class's emergency contacts to allow the recipients to authorize or deny the release of the decedents' medical records. *Id.* at *1. The court concluded that access to the decedents' medical records to determine whether COVID-19 was the cause or contributing factor of death was necessary to decide the pending class-certification motion, as evidenced by the state defendants' acknowledgement that they opposed class certification in part on the grounds that plaintiffs could not establish that COVID-19 caused the decedents' deaths. *Id.* at *2. After noting that Rule 23(d) authorizes a court to issue orders on "procedural matters" to "protect class members and fairly conduct the action," the court exercised its discretion to allow the plaintiffs to send pre-certification notice for that purpose. *Id.* (internal citation omitted).

*Maney* has no application to Volbleu and Silverleaf's Rule 23(d) motion. That case involved a pre-certification notice for the purpose of obtaining authorizations to release the medical records of putative class members because such medical records were needed to determine whether class certification was appropriate. Here, Volbleu and Silverleaf have not filed a motion for class certification and their proposed notice is designed to distribute information to potential class members, not gather information needed to adjudicate a class-certification motion as in *Maney*.

The Court finds more instructive the recent decision in *Clark v. Hyatt Hotels Corp.*, No. 20-CV-01236, 2020 WL 6870599 (D. Colo. Oct. 30, 2020). In *Clark*, the plaintiffs alleged that they suffered carbon monoxide poisoning during their stay at the defendant's hotel and moved, pursuant to Rule 23(d), for an order directing the defendant to notify others who stayed at the hotel during the same time frame—the putative class members—that they may have been exposed to carbon monoxide. *Id.* at *1. Rejecting the request, the court explained that "nothing in [Rule 23(d)] expressly authorizes pre-certification notice to *potential* class members" and emphasized that no class had been certified. *Id.* at *2. The *Clark* court also distinguished its decision from cases in which courts had approved pre-certification notice when the defendant had engaged in improper conduct that "undermined the purposes of Rule 23 such that curative action by the court was required" and cases in which courts were deciding issues that could affect absent class members' "legal interests." *Id.* (citing, among others, *Bonanno*, 2007 WL 1089779, at *3 and *Shelton*, 582 F.2d at 1300 (4th Cir. 1978)).

10

*Clark* mirrors the case at bar. Both involve a proposed pre-certification notice predicated on an alleged danger to putative class members. Moreover, the need for Volbleu and Silverleaf's requested notice presupposes a disputed issue at the heart of the case: that the existing notices regarding the HondaJet maintenance procedure are insufficient. But as the *Clark* court recognized, Rule 23(d)(1)(B) does not authorize pre-certification notices to potential class members addressing substantive, disputed issues that will be litigated on the merits. *See id.* (denying motion for pre-certification notice where "the class has not been certified, Defendant has not engaged in improper communications with potential class members, and the potential class members' legal interests will not be affected"); *see also Cobell v. Kempthorne*, 455 F.3d 317, 325 (D.C. Cir. 2006) (explaining that Rule 23(d) "does not authorize substantive orders protecting the very rights class members seek to vindicate").

### III.
#### CONCLUSION

For the foregoing reasons, Volbleu and Silverleaf's Motion for Order Requiring Limited Rule 23(d) Notice, (Dkt. #10), is **DENIED**.[2]

**So ORDERED and SIGNED this 8th day of December, 2021.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE

---

[2] Because the Court has concluded that the pre-certification notice requested by Volbleu and Silverleaf is not authorized under Rule 23(d), it is unnecessary to address the additional arguments made by Honda that the requested notice is unnecessary and would operate as an improper mandatory injunction, and that Volbleu and Silverleaf's request is preempted by the Federal Aviation Act.