UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

DW VOLBLEU, LLC, ET AL.          §
                                 §
v.                               §     CIVIL NO. 4:21-CV-637-SDJ
                                 §
HONDA AIRCRAFT COMPANY, LLC      §

## MEMORANDUM OPINION AND ORDER

This case presents relatively narrow issues that could possibly be resolved through dispositive motions without the need for protracted litigation and trial. That is why the Court stayed proceedings pending a ruling on Defendant Honda Aircraft Company, LLC's ("Honda") Motion to Dismiss (which the Court converted to a motion for summary judgment) and authorized targeted discovery and briefing on the claims presented in Plaintiff's Second Amended Complaint. Plaintiffs now seek leave to amend their complaint for a third time to introduce entirely new claims and parties. Because the proposed amended complaint is sought after an undue delay, includes futile claims, would cause undue prejudice, and is presented in bad faith or with a dilatory motive, the Court will deny the motion.

## I. BACKGROUND

The COVID-19 pandemic disrupted the private jet industry as it did many others. Some private jets were grounded for weeks or even months at a time, languishing in hangars and airstrips instead of taking to the skies. For owners of HondaJet aircraft, these prolonged groundings required an additional maintenance step to ensure that the engines remained airworthy: every ninety days, the engines had to be run for at least fifteen minutes.

1

Plaintiffs DW Volbleu, LLC, and Silverleaf V, LLC, did not follow this engine run requirement. As a result, their HondaJets became unairworthy. They could restore the jets to flying condition only through an expensive procedure that involved removing the engines and shipping them to a Honda facility for an inspection and possible repairs.

The core issue presented in this case is which party is responsible for the condition of these engines: Plaintiffs for neglecting to follow the engine run requirement, or Honda for failing to adequately inform Plaintiffs of it. Plaintiffs assert that, as the company that manufactures, designs, and sells HondaJets, Honda should have done more to alert them of the requirement and the consequences of failing to comply with it. Honda's perspective, however, is that it adequately informed Plaintiffs of the requirement in at least two ways: (1) by providing access at the time of purchase to two Federal Aviation Administration-approved manuals, the Aircraft Maintenance Manual and the Line Maintenance Manual; and (2) by reminding Plaintiffs of the engine run requirement in Service Letters in April 2020 and May 2021.

Honda moved to dismiss Plaintiff's claims, which were asserted on a class basis, advancing these arguments. (Dkt. #32). Recognizing that the case turned on relatively narrow issues—namely, whether Honda provided Plaintiffs and the other class members adequate notice of the engine run requirement—the Court stayed proceedings pending a ruling on the motion to dismiss. (Dkt. #56). The Court then converted the motion to dismiss to a motion for summary judgment, (Dkt. #57, #58),

and authorized limited discovery on Plaintiff's access to, and Honda's delivery of, the two maintenance manuals. (Dkt. #61). The Court ordered each party to file a supplemental summary judgment brief—Plaintiffs by August 5, 2022, and Honda by August 29, 2022. (Dkt. #57).

The parties did not meet these deadlines. After the parties encountered a discovery dispute, the Court instructed them to file a joint status report advising on the progress of discovery and proposing new deadlines for supplemental summary judgment by September 20, 2022. (Dkt. #73). Because the parties had not resolved the discovery disputes by that date, the Court instructed them to file an additional advisory by October 20, 2022. (Dkt. #77).

At the end of October, instead of proposing new deadlines for supplemental summary judgment briefing, Plaintiffs sought leave to file a Third Amended Complaint introducing new claims and parties into this dispute. (Dkt. #78). Broadly speaking, the new claims and allegations fall into four categories: (1) new factual allegations clarifying the existing claims against Honda; (2) two new claims against Honda (for negligence and negligent misrepresentation) based on nearly identical facts to those supporting the existing claims; (3) claims against the manufacturer of Plaintiffs' jet engines, GE Honda Aero Engines, LLC ("HAE"), as a new party; and (4) claims against several Honda authorized service providers as new parties: Cutter Aviation Dallas, Inc., Cutter Aviation Phoenix, Inc., and Tower Industries, LLC d/b/a HondaJet Southwest (the "ASP Defendants"). (Dkt. #79). Against HAE and the ASP Defendants, Plaintiffs allege that they, like Honda, failed to adequately warn

3

Plaintiffs of the engine run requirement and are therefore liable for negligence and negligent misrepresentation.

Honda opposes the motion for leave to amend. The motion is fully briefed and ripe for the Court's consideration. (Dkt. #82, #87).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15, the Court grants leave to amend pleadings "freely . . . when justice so requires." FED. R. CIV. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). While that standard is generous, it is not automatic. *Guijarro v. Enter. Holdings, Inc.*, 39 F.4th 309, 315 (5th Cir. 2022); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). In evaluating a motion for leave to amend, the Court considers factors such as whether the amendment is futile; whether it would cause undue prejudice; and whether it is sought after repeated attempts to cure deficiencies, after an undue delay, or with a bad faith or dilatory motive. *Wimm*, 3 F.3d at 139. Rule 15's liberal pleading standard is "tempered by the necessary power of a district court to manage a case." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).

## III. DISCUSSION

The Court finds that Plaintiffs' motion for leave to amend should be denied. The proposed negligence and negligent misrepresentation claims against Honda were filed after a significant and undue delay. The proposed claims against HAE as a new party are futile. And all of the proposed claims and allegations were filed with a bad faith or dilatory motive and would cause undue prejudice to Honda.

## A. Undue Delay

As an initial matter, Plaintiffs unduly delayed in filing the proposed negligence and negligent misrepresentation claims against Honda. To be sure, an undue delay involves more than untimeliness: the delay must cause prejudice or "impose unwarranted burdens on the court." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004). But that standard does not require a trial date to have been set, discovery to have been completed, or dispositive motions to have been ruled on. *In re Southmark Corp.*, 88 F.3d 311, 315–16 (5th Cir. 1996). Indeed, the Court may consider factors such as the moving party's explanation for the delay and whether it knew of the facts underlying the amendment when the original complaint was filed. *Id.* at 316.

Here, the proposed negligence and negligent misrepresentation claims against Honda are founded on nearly identical facts to those supporting the claims asserted in the original complaint in August 2021. (Dkt. #1). Where the original complaint sought to recover under fraud, deceptive trade practice, and warranty theories over Honda's alleged failure to inform Plaintiffs of the 15-minute/90-day engine run requirement, the proposed third amended complaint seeks to recover under the negligence and negligent misrepresentation theories for the same conduct. No explanation has been provided for Plaintiffs' failure to assert these claims before now.

Admittedly, federal courts will often allow amendments when they merely assert new theories based on the same underlying facts. *Mayeaux*, 376 F.3d at 427 (observing that under Rule 15, amendments "generally should be permitted" when they "merely propos[e] alternative legal theories on the same underlying facts"). But

that is not always the case. In *Southmark*, the Fifth Circuit upheld denial of leave to amend when the moving party sought to assert a new cause of action based on the same facts as those alleged in original complaint, which had been filed thirteen months earlier. 88 F.3d at 316. In *Barrett*, the court upheld denial of leave to amend to assert claims that could have been "raised initially" but instead were not raised until ten months after the original complaint. *Barrett v. Indep. Order of Foresters*, 625 F.2d 73, 75 (5th Cir. 1980). And in *Mitsubishi*, a case involving an aircraft manufacturer, the court upheld denial of leave to amend to assert a claim that should have been "apparent at the outset of the case"—noting that the failure to assert the claim originally smacked of either a "lack of diligence" or a "lack of sincerity." *Mitsubishi Aircraft Int'l, Inc. v. Brady*, 780 F.2d 1199, 1203 (5th Cir. 1986).[1]

The Court finds that here, as in *Mitsubishi*, Plaintiffs should not be granted leave to pursue claims that could have easily been asserted at the beginning of the case. Plaintiffs waited fourteen months after filing the original complaint before asserting the proposed negligence and negligent misrepresentation claims. And they did not propose these new claims until after the Court converted Honda's motion to dismiss into a motion for summary judgment and the parties completed four months of discovery directed toward the issues presented in that motion. Under the

---

[1] The Supreme Court's ruling in *Johnson v. City of Shelby*, 574 U.S. 10, 11, 135 S.Ct. 346, 190 L.Ed.2d 309 (2014) does not call these holdings into question. Although the Supreme Court held that plaintiffs can state a viable claim for relief merely by alleging facts supporting a particular cause of action, without naming the cause of action or articulating a legal theory, *id.*, that principle does not override the district court's authority to manage its docket by precluding a plaintiff from injecting new legal theories into a case after an undue delay. *Bye v. MGM Resorts Int'l, Inc.*, 49 F.4th 918, 927 (5th Cir. 2022).

circumstances, it would impose unwarranted burden on the Court to allow Plaintiffs to file these new claims against Honda, essentially unraveling the Court's efforts to efficiently adjudicate the case.[2]

## B. Futility

The Court also finds that the proposed claims against HAE as a new party would be futile. An amended complaint is futile when it fails to state a claim upon which relief could be granted and would therefore be subject to immediate dismissal. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000) ("[W]e join our sister circuits that have interpreted [futility] to mean that the amended complaint would fail to state a claim upon which relief could be granted."); *Hernandez v. Bailey*, 716 F.App'x 298, 303 (5th Cir. 2018) (per curiam).

Here, the proposed amended complaint does not allege that HAE had a relationship with Plaintiffs, made misrepresentations to them, or manufactured an unsound product. To the contrary, the amended complaint alleges only that HAE manufactured jet engines for Honda, which Honda then used to manufacture the jets it sold to Plaintiffs. A components manufacturer does not generally owe a duty to warn to end users unless the product is defective or it substantially participated in

---

[2] The Court also finds that many of the "clarifying" allegations asserted through the proposed amended complaint could have easily been asserted at the outset of the case. Plaintiffs have provided no explanation for failing to present those allegations sooner. Thus, the Court finds that Plaintiffs unduly delayed in asserting the clarifying allegations that merely refine the existing allegations against Honda.

integrating the component into the finished product.[3] *See, e.g.*, *Smith v. Robin Am., Inc.*, 484 F.App'x 908, 912–18 (5th Cir. 2012) (per curiam) (applying Texas law and holding that an engine manufacturer owed no duty to warn because it did not manufacture the finished product or substantially participate in integrating the engine into the finished product); *see also Cipollone v. Yale Indus. Prods., Inc.*, 202 F.3d 376, 379 (1st Cir. 2000) (applying Massachusetts law and holding that a components manufacturer was not liable for breach of warranty or negligent failure to warn); RESTATEMENT (THIRD) OF TORTS: PROD. LIAB. § 5 (1998) (articulating the circumstances when a manufacturer can be held liable for harm caused by a component integrated into a final product).

Although the proposed amended complaint alleges that HAE undertook a duty to warn by sending out notices regarding the engine run requirement, the amended complaint does not allege any facts suggesting that HAE undertook that duty toward consumers. Instead, the amended complaint alleges only that HAE sent the notices to Honda's authorized service providers. To be sure, the amended complaint asserts that Plaintiffs could access a particular FAA-approved maintenance manual describing the engine run requirement only by purchasing an engine care package through HAE. But Plaintiffs do not allege that they ever purchased that package or

---

[3] The proposed amended complaint does not allege any facts suggesting that HAE and Honda have a corporate relationship, that one company is a subsidiary of the other, or that the companies share common ownership. *Compare* (Dkt. #79 ¶ 7) ("[T]he sole member of Honda Aircraft Company, LLC is American Honda Motor Co. Inc. . . ."), *with* (Dkt. #79 ¶ 11) ("[HAE] is 50/50 joint company owned by General Electric Company and Honda Aero, Inc.").

that HAE otherwise represented that it would inform Plaintiffs of their engine maintenance responsibilities.

The proposed claims against HAE are futile for the additional reason that many of the amended complaint's allegations do not distinguish between HAE and Honda, instead lumping the entities together. These allegations make it impossible to determine which actions were committed by each Defendant. The claims against HAE therefore amount to a "shotgun pleading" in that Plaintiffs direct sweeping allegations toward both defendants in the hopes that something will stick. *See Valadez v. City of San Antonio*, No. 21-CV-0002, 2022 WL 1608016, at *4–7 (W.D. Tex. May 20, 2022) (observing that federal courts often dismiss "shotgun pleadings" that lack individualized allegations of misconduct unless each defendant's role in the misconduct can be reasonably inferred from the pleading); *Rowland v. Sw. Corr., LLC*, No. 4:20-CV-847, 2021 WL 4206409, at *13 (E.D. Tex. Aug. 17, 2021) (dismissing a complaint because the allegations "impermissibly lump[ed] [the] [d]efendants together without any allegations of individualized conduct"), *adopted by* 2021 WL 4191433 (E.D. Tex. Sept. 15, 2021). Because shotgun allegations such as these do not satisfy the federal pleading standard, the proposed claims against HAE are futile.

## C. Undue Prejudice

The Court finds that Honda would be unduly prejudiced by the amendment. Prejudice is the "touchstone" issue in evaluating motions for leave to amend under Rule 15. *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 246 (5th Cir. 1997). An amendment can cause undue prejudice when it asserts new causes of action after the

parties have invested time and resources in completing discovery and drafting dispositive motions on the existing claims. *Strong v. Green Tree Servicing, L.L.C.*, 716 F.App'x 259, 264 (5th Cir. 2017) (per curiam); *see also Gipson v. Am. Family Life Assurance Co. of Columbus*, No. 6:18-CV-00561-JDK-JDL, 2019 WL 6588052, at *2–3 (E.D. Tex. Nov. 6, 2019), *adopted by* 2019 WL 6526015 (E.D. Tex. Dec. 4, 2019) (holding that the defendant would be "unquestionably prejudice[d]" by an amendment filed after a summary judgment motion had been briefed). An amendment is more likely to be prejudicial when it fundamentally alters the nature of the case instead of clarifying existing allegations or adding new claims based on the same underlying facts. *In re Am. Int'l Refinery, Inc.*, 676 F.3d 455, 467 (5th Cir. 2012); *Mayeaux*, 376 F.3d at 427.

Here, the proposed amended complaint asserts new claims and allegations after Honda drafted a summary judgment motion directed toward the existing claims and the parties conducted months of discovery on the key issues presented in that motion. If the amendment is allowed, Honda will be required to draft a new dispositive motion and perhaps conduct additional discovery and shift its case strategy. *See Strong*, 716 F.App'x at 264 (upholding denial of leave to amend when a proposed amendment would have required the defendant to "reexamine its defense strategy" in responding to the new causes of action). Honda would also likely be required to supplement it initial disclosures with materials pertaining to the new claims and allegations.

Although the Court finds that all of the amended complaint's proposed claims and allegations would cause undue prejudice to Honda, it finds that the proposed claims against the ASP Defendants and HAE as new parties would be particularly prejudicial. These claims would fundamentally alter the nature of this class action dispute by introducing individual claims against individual defendants—defendants who are only loosely connected to the class claims against Honda. *See In re Am. Int'l Refinery, Inc.*, 676 F.3d at 467 (upholding denial of leave to amend when the proposed amendment would have introduced new claims into a "fairly limited action," expanding the issues to be decided and the scope of discovery, and thus "delaying resolution of the case"); *Mayeaux*, 376 F.3d at 427 (upholding denial of leave to amend when the proposed amendment introduced new theories that would "effectively reconstruct[] the case anew," causing undue prejudice to the defendants).

Indeed, although the Defendants are all accused of the same misconduct—failing to adequately warn Plaintiffs of the engine run requirement—it does not appear that Honda's liability turns on the liability of any other Defendant or vice versa. The Defendants are separate parties who, according to the proposed amended complaint, had independent obligations to warn Plaintiffs of the requirement. Even if the Defendants were joint tortfeasors or had a corporate relationship, that would not make their joinder necessary or helpful.[4] *See Dernick v. Bralorne Res., Ltd.*,

---

[4] The proposed amended complaint asserts that Honda is vicariously liable for the actions of the ASP Defendants. But it does not support the existence of that relationship with any nonconclusory allegations demonstrating that the ASP Defendants were Honda agents or subject to its control. *Santacruz v. Hertz Equip.*, No. 3:12-CV-348, 2015 WL 2340330, at *2 (S.D. Tex. Apr. 27, 2015) (observing that control is the most significant factor in evaluating

639 F.2d 196, 199 (5th Cir. 1981) (holding that joinder of a corporate subsidiary was unnecessary under the Federal Rules of Civil Procedure); *Moreno v. EDCare Mgmt., Inc.*, 243 F.R.D. 258, 259–60 (W.D. Tex. 2007) (collecting authorities for the proposition that joint tortfeasors are not necessary parties). To the contrary, it would expand the issues to be decided and require serving process on new parties—causing further unjustified delay in resolving the claims against Honda.

## D. Bad Faith or Dilatory Motive

The Court finds that the motion for leave to amend must be denied for the additional reason that it is sought in bad faith or with a dilatory motive. A party's bad faith or dilatory motive can be inferred when it engages in "tactical maneuver[ing]" to avoid an adverse ruling on a dipositive motion: for example, by presenting claims and theories seriatim when it has had ample time to investigate its case and present the claims together. *Wimm*, 3 F.3d at 141 (quotations omitted) (upholding denial of leave to amend when the proposed amended complaint was filed "nine months after the action was initiated" and "summary judgment was imminent"); *see also Mitsubishi*, 780 F.2d at 1203 (holding that the delay in filing the amended complaint indicated either a lack of diligence or a lack of sincerity).

---

vicarious liability). To the contrary, it alleges only that the ASP Defendants were authorized Honda service providers and dealers. The Court finds that these allegations are inadequate to state a claim under a vicarious liability theory. *Cf. Williams v. Ford Motor Co.*, 980 F.Supp. 938, 943 (N.D. Ill. 1997) (observing that under Illinois law "bare allegations of [an] agency relationship between manufacturer and dealer with respect to sale of products is insufficient to plead agency," while also recognizing that a dealer could be considered an agent in some circumstances).

Here, the proposed amended complaint appears to be targeted to avoid a ruling on Honda's motion for summary judgment. It shifts Plaintiffs' legal theories and introduces claims that either could have been introduced at the outset of the case or involve unnecessary parties. The Court declines to adjudicate this case piecemeal and therefore denies the motion for leave to amend.

## IV. CONCLUSION

Even Rule 15's liberal pleading standard has its limits. The proposed amended complaint exceeds those limits by introducing claims that alter the nature of this case after a significant and unjustified delay. Therefore, the Court **ORDERS** that Plaintiff's Opposed Motion for Leave to File Third Amended Complaint, (Dkt. #78), is **DENIED**.

**So ORDERED and SIGNED this 16th day of January, 2024.**

_____

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE